UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUAN FELIX RAMIREZ NAZARIO,

    Plaintiff,

v.                                                        Case No: 5:23-cv-311-JSM-PRL

T C HOOD, and K and K
TRANSPORTATION, LLC,

    Defendants.

## ORDER

This matter is before the Court on Defendants' motion to compel a compulsory medical examination of Plaintiff. (Doc. 28).[1] Specifically, Defendants ask the Court to order Plaintiff to submit to a physical examination by orthopedic surgeon, Dr. David U. Arango, M.D., FRCS(C). According to Defendants, Plaintiff agrees to the requested relief except for the special conditions outlined in Paragraph 5, which state that, "Plaintiff may not send a videographer and no other witnesses, including attorney or representative of any party, will be present at the examination." While this opposition is noted in Defendants' motion, Plaintiff has not filed a response raising this objection and his deadline for doing so has passed. Accordingly, the Court will treat the motion as unopposed.

A court may "order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.

---

[1] In the motion, Defendants refer to two exhibits that were not actually filed with the Court. Because a review of these exhibits was not necessary for the Court to resolve the instant motion, the Court did not require Defendants to supplement the record with the missing exhibits.

R. Civ. P. 35(a)(1). The order "may be made only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). The rule does not state who may attend a compulsory examination or whether a recording device is appropriate.

Here, there is no dispute that Plaintiff's physical condition is in controversy, and thus, good cause exists for the proposed physical examination of Plaintiff. *See* Fed. R. Civ. P. 35(a). Moreover, the motion sets forth the details of the examination as required by Rule 35(a)(2).

Accordingly, and in the absence of any objection, Defendants' motion to compel a compulsory medical examination of Plaintiff (Doc. 26) is **GRANTED.** Plaintiff is directed to appear at the examination with Dr. Arango on August 14, 2024, 9:00 a.m., at 1120 Carlton Ave., Suite 1400, Lake Wales, Florida 33853, unless the parties agree to a different date and time. A Spanish interpreter may attend the examination. Otherwise, no third parties may be present at the examination, including a videographer.

**DONE** and **ORDERED** in Ocala, Florida on July 31, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties